# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

JOSEPH C. WILES,                         )
LISA CANTEY,                             )
NATALIE TAYLOR,                          )
THEA SLAVIN,                             )
MICHAEL COOPER,                          )
MARILYN HOLMES, and                      )
                                         )
       Plaintiffs,                   )
                                         )
vs.                                      )   Case No. CIV-15-146-M
                                         )
JENNIE MCLEAN, In Her Capacity           )
as Administrative Law Judge; and         )
CAROLYN W. COLVIN, Acting                )
Commissioner of Social Security,         )
                                         )
       Defendants.                   )

## ORDER

      Before the Court is plaintiffs' Motion for Leave to Add Parties Plaintiff, filed June 5, 2015. On June 26, 2015, defendants filed their response. Plaintiffs have filed no reply. Based upon the parties' submissions, the Court makes its determination.

      Pursuant to Federal Rule of Civil Procedure 19(a)(1)(B)(i) and (ii), plaintiffs move this Court to add twenty-three (23) additional plaintiffs. Plaintiffs assert that the additional individuals have also been wrongfully denied their right to a hearing on their requests for Social Security benefits by defendants and their agents and wish to be added as additional plaintiffs in this case.

      Federal Rule of Civil Procedure 19(a)(1) provides, in pertinent part:

> (1)   *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>            \*           \*           \*

> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1)(B)(i),(ii).

Having carefully reviewed the parties' submissions, the Court finds that Rule 19 does not require the joinder of the additional individuals as plaintiffs in this case. Specifically, the Court finds that plaintiffs have not shown that the proposed additional plaintiffs are so situated that disposing of the action in their absence may as a practical matter impair or impede their ability to protect their interest or leave an existing party to this case subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of these proposed additional plaintiffs' interests. If these proposed additional plaintiffs are not joined in this action, they still will have all of their administrative and judicial remedies.

Additionally, the Court finds that plaintiffs should not be granted leave under Federal Rule of Civil Procedure 15 to amend their complaint to add these additional plaintiffs. Specifically, the Court finds that adding these additional plaintiffs would cause undue delay, would unduly prejudice defendants, and would be contrary to judicial economy. It appears that the claims of the additional plaintiffs would be predicated on different facts and circumstances.

Accordingly, the Court DENIES plaintiffs' Motion for Leave to Add Parties Plaintiff [docket no. 16].

**IT IS SO ORDERED this 1st day of September, 2015.**

*[signature]*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE